780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
WILLIE L. BRITT, Plaintiff-Appellant,
v.
E. I. DuPONT DeNEMOURS & COMPANY, INC., and DAVID EVERETT,
Defendants-Appellees.
 84-3831
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the decision of the district court granting defendant's motion for summary judgment in this racial discrimination in employment action under Title VII and 42 U.S.C. Sec. 1981. Plaintiff argues: (1) that the district court applied the wrong legal standard when evaluating his claim of hiring discrimination; (2) that there were genuine issues of material fact in the record before the district court, and, therefore, summary judgment should not have been granted; and (3) the district court did not afford him a full and fair opportunity to demonstrate that defendant's reasons for the treatment of plaintiff were pretexts. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff's action in the district court involved two claims of disparate treatment. First, plaintiff claimed that he had been discriminated against by DuPont in the hiring process. Second, plaintiff claimed that he was the victim of disparate treatment in defendant's discipline and discharge practices.
 
 
 3
 After filing an application for a position with DuPont in January of 1977, plaintiff was hired as a laborer on January 11, 1978. While plaintiff's application was on file during the year 1977, DuPont hired several employees. On November 9, 1982, plaintiff's employment of approximately five (5) years with DuPont was terminated allegedly due to his job performance, absenteeism, late arrivals to and early departures from his work.
 
 
 4
 On February 11, 1983, plaintiff filed his complaint in the District Court for the Northern District of Ohio. On July 13, 1984, defendant filed a motion for summary judgment accompanied by an affidavit of the Site Services Superintendent at DuPont, James Batt. Relative to the plaintiff's complaint of disparate treatment in hiring was Batt's statement in the affidavit that DuPont did not hire anyone less qualified for a position to which plaintiff was applying while plaintiff's application was on file prior to his hiring. Similarly, Batt stated in the affidavit that DuPont had hired large percentages of racial minorities in previous years. Specifically, in his affidavit Batt explained that in 1976 approximately fifty percent (50%) of the applicants hired by DuPont were members of a racial minority group, in 1977 approximately twenty-five percent (25%) of the applicants hired by DuPont were members of a racial minority group, and in 1978 approximately fifty percent (50%) of the applicants hired by DuPont were members of a racial minority group. With regard to the disparate treatment in discipline and discharge claim, Batt explained in the affidavit that plaintiff had been disciplined approximately seven (7) times.
 
 II.
 A.
 
 5
 Plaintiff's response to defendant's motion for summary judgment included a detailed unsworn narrative of what he had alleged in his complaint and explained what he intended to prove at trial. It did not include any affidavits, exhibits, answers to interrogatories, or excerpts from depositions. However, plaintiff did file two sworn EEOC charges, one attached to his complaint, and the other was attached to his discovery deposition. Plaintiff argues that such should suffice for affidavits within the meaning of Fed. R. Civ. P. 56(e), and that the statements therein raised genuine issues of material fact.
 
 
 6
 We disagree. Plaintiff has clearly failed to respond to the defendant's motion for summary judgment in the manner prescribed by Fed. R. Civ. P. 56(e), his argument being that on information and belief he can develop genuine issues of material fact on cross-examination at trial. Moreover, the EEOC charges contain only unsupported conclusory statements which were considered by the district court and found to be insufficient to overcome defendant's motion for summary judgment.
 
 B.
 
 7
 With regard to plaintiff's section 1981 claim, the district court held that there was no proof of intentional discrimination and, therefore, summary judgment was appropriate. With regard to plaintiff's Title VII disparate treatment in hiring claim, the district court held that a prima facie case was made out, but the fact that defendant had an affirmative action program and had hired large percentages of minorities, combined with the fact that the employees hired were as qualified as plaintiff, was a legitimate nondiscriminatory reason which plaintiff did not show to be a pretext. Thus, again, the district court held summary judgment was appropriate. With regard to plaintiff's discriminatory discharge claim, the district court held (1) that plaintiff did not make a prima facie case because plaintiff's conduct rendered him no longer qualified for the position held; and (2) even if a prima facie case was present, plaintiff's repeated violations of company rules provided a legitimate nondiscriminatory reason for dismissing him which plaintiff did not show to be a pretext.
 
 III.
 
 8
 Having considered the record herein and the entered opinion of the district judge, we are of the opinion that none of plaintiff's assignments of error have any merit. Accordingly, the judgment of the district court is AFFIRMED.